UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

LEOPOLDO SAENS MORENO,

Petitioner,

v. No. 6:26-CV-335-H

MARKWAYNE MULLIN, et al.,

Respondents.

**ORDER**

Leopoldo Saens Moreno illegally entered the United States twenty-two years ago. Dkt. No. 1 at 5. In August 2026, he was "transferred to ICE custody" after encountering law enforcement during a traffic stop in East Texas. *Id.* Saens Moreno acknowledges that he is a citizen of Mexico who "entered the United States without inspection." *Id.* Before the Court is his habeas petition, which demands his immediate release or a bond hearing based on the Due Process Clause of the Fifth Amendment. *Id.* at 16–17.

A district court entertaining an application for a writ of habeas corpus "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. It is in the Court's discretion to deny the writ without issuing an order to show cause. *Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998). The Court has carefully considered the factual allegations and legal contentions raised in the petition. The Court has also considered hundreds of habeas petitions that sought relief on the same grounds raised in Saens Moreno's petition, and it has determined that:

- The en banc Fifth Circuit has foreclosed the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Vergara*, --- F.4th ----, ----, 2026 WL 3181188, at *14 (5th Cir. Oct. 23, 2026) (en banc). And the three-factor *Mathews* test is inapplicable to aliens detained under Section 1225(b)(2)(A). *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723–26 (N.D. Tex. 2026).

- In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit stated that "*Zadvydas v. Davis* . . . has no direct application to aliens who are detained and being given due process during removal proceedings." 166 F.4th at 508. Indeed, the Supreme Court in *Zadvydas* was concerned with the unique due process issues posed by the post-removal-period detention statute, 8 U.S.C. § 1231(a)(6). This is because the plain text of that statute "sets no limit on the length of time beyond the removal period that an alien who falls within one of the [statutory] categories may be detained." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) (citation modified). The Supreme Court has expressly distinguished the applicability of *Zadvydas* from cases concerning "detention during deportation proceedings," which it has held are "a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003).

Saens Moreno's arguments in the petition are the same as the arguments raised in the cases above. The Court previously found these arguments unavailing. The Court has considered them anew in this petition and concludes that habeas relief is unwarranted. Because it appears from the face of the petition that Saens Moreno is not entitled to relief, the Court denies the petition (Dkt. No. 1).

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on November 12, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE